UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LISA KAY NORFLEET, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:11-CV-3041-B |
| § | |
| § | |
| EVERBANK d/b/a EVERBANK § | |
| FINANCIAL CORP. and d/b/a § | |
| EVERBANK WHOLESALE LENDING § | |

### MEMORANDUM OPINION AND ORDER

This is an employment discrimination action arising out of Plaintiff, Lisa Kay Norfleet's, employment with Defendant EverBank.[1] Before the Court is the Defendant's Motion to Dismiss, (doc. 9), seeking dismissal of Plaintiff's retaliation claim filed under the Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE § 21.055 (West 2006). The Defendant maintains that Norfleet failed to exhaust her administrative remedies as to her retaliation claim, a "mandatory and jurisdictional step in the administrative process" and thus that her retaliation must be dismissed. Def.'s Mot. 1. For the reasons stated below, the Court finds that the Motion should be and hereby is **GRANTED**.

---

[1] The Defendant maintains that Plaintiff has incorrectly identified it in her pleadings as the following: "EverBank d/b/a EverBank Financial Corp. and d/b/a EverBank Wholesale Lending Group" instead of by its correct title "EverBank, a Federal Savings Association." For purposes of this Order and ease of reference, the Court will refer to the Defendant as "EverBank."

- 1 -

I.

BACKGROUND

Plaintiff Norfleet was terminated by Defendant EverBank on June 28, 2010. Pl's Compl. ¶ 5. On October 11, 2010, Norfleet filed a "Charge of Discrimination" with the Texas Workforce Commission, Civil Rights Division ("TWC-CRD")[2] alleging that EverBank's discharge of her constituted unlawful age and gender discrimination. Def.'s Mot., App. 2. The TWC-CRD dismissed Norfleet's complaint, concluding that it was "unable to conclude that the information [provided by Norfleet] . . . establishe[d] any violations of the statutes." *Id.* at 3. Upon dismissal of her claims by the TWC-CRD, Norfleet filed the instant suit in Texas state court against EverBank, alleging age and sex discrimination and adding a claim of retaliation. Pl.'s Compl. ¶ 5. On November 4, 2011, EverBank removed the case to this Court based on diversity jurisdiction and filed the instant Motion to Dismiss on November 11, 2011.

EverBank seeks dismissal of Plaintiff's retaliation claim pursuant to Fed. R. Civ. P. 12(b)(1), maintaining that this Court lacks subject matter jurisdiction over the unexhausted claim. Plaintiff opposes the motion responding that her pleadings are adequate under Fed. R. Civ. P. 12(b)(6) and, although she did not specifically allege retaliation in her Charge of Discrimination with the TWC, that the claim was nonetheless exhausted because retaliation could "reasonably be expected to grow out of the [other] charge[s] of discrimination" and was thus within the scope of the TWC's investigation. Pl.'s Resp. 3.

---

[2] In 2004 the powers and responsibilities of the Texas Commission on Human Rights were transferred to the Texas Workforce Commission Civil Rights Division.

## II.

## LEGAL STANDARD[3]

Plaintiffs seeking to file suit for employment discrimination under the TCHRA must first exhaust their administrative remedies pursuant to section 21.201 of the Texas Labor Code. *Jones v. Grinnell Corp.*, 235 F.3d 972, 975 (5th Cir. 2001). The Texas Labor Code requires an aggrieved employee to timely file an formal administrative complaint with the Texas Commission on Human Rights ("TCHR") or the Equal Employment Opportunity Commission ("EEOC") no later than 180 days after the alleged adverse employment action. TEX. LAB. CODE §21.202(a) (West 2006). Failure to do so deprives a court of subject-matter jurisdiction over discrimination claims brought under the Texas Labor Code. *See Tex. Dept. of Transp. v. Esters*, 343 S.W.3d 226, 231 (Tex. App.-Houston [14th Dist. ] 2011, no pet.). Nonetheless, even if a claim is not specifically alleged in the administrative proceedings, the Fifth Circuit[4] and some Texas state courts have held that it may still be considered exhausted if the claim is "factually similar" to the claims alleged and "could reasonably be expected to grow out of the [TCHR's] investigation of the charge." *Johnson v. Hoechst Celanese Corp.*, 127 S.W.3d 875, 878 (Tex. App.-Corpus Christi 2004, no pet.); *see also Gupta v. E. Tex. State*

---

[3] While Defendant has filed its Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) based on jurisdictional grounds and Plaintiff relies on Fed. R. Civ. P 12(b)(6)'s pleading standards in opposing the motion, courts have evaluated motions to dismiss for failure to exhaust administrative remedies under both and found that any difference between them is "a distinction without a difference since failure to exhaust administrative remedies would typically warrant dismissal under either rule." *Barrientos v. City of Eagle Pass, Tex.*, No. SA-10-CV-57-XR, 2010 WL 1544419, at *2 (W.D. Tex. April 16, 2010).

[4] Some courts have questioned the continued viability of *Gupta* after the Supreme Court's decision in *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). *See Sapp v. Potter,* 413 Fed. App'x 750, 2011 WL 661544, at *3 n. 2(5th Cir. Feb. 22, 2011). The Court declines to address this eventuality because the exception does not apply to the facts presented by Norfleet.

*Univ.*, 654 F.2d 411, 414 (5th Cir. 1981); *Elgaghil v. Tarrant County Junior Coll.*, 45 S.W.3d 133, 142 (Tex. App.-Fort Worth 2000, pet. denied).

In *Gupta*, the Fifth Circuit carved out an exception to the exhaustion requirement for retaliation claims brought under Title VII of the Civil Rights Act of 1964, which "allows a plaintiff to proceed in district court on an unexhausted retaliation claim if that claim is alleging retaliation for properly bringing an exhausted claim before the district court." *Sapp v. Potter*, 413 Fed. App'x 750, 2011 WL 661544, at *3 (5th Cir. Feb. 22, 2011). For those acts of retaliation by an employer occurring *after* a discrimination suit is filed, the court instructed:

> [I]t is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court.

*Gupta*, 654 F.2d at 413.

## III.

## ANALYSIS

Applying the foregoing principles to Norfleet's retaliation claim, it does not survive the exhaustion requirement. Nor is it salvaged by *Gupta's* exception to exhaustion. First, to prove retaliation under the Texas Labor Code, Norfleet must prove that: (1) she engaged in protected activity, (2) that her employer subjected her to an adverse action, and (3) that there is a causal connection between the protected activity and the adverse action. TEX. LAB. CODE ANN. § 21.055 (West 2006). So far as her "protected activity," Norfleet's pleadings and attachments are bereft of any indication that she complained about her supervisors at EverBank – for any reason – until *after* she was discharged, and then it was only as to her age and gender. As to the factual basis for her

discrimination complaints, her Charge of Discrimination with the TWC-CRD reflects that she checked the boxes for "age" and "sex" but left the box for retaliation unchecked. The text of her TWC-CRD complaint serves her no better as it contains no facts indicating that she engaged in a protected activity and suffered an adverse employment action as a consequence. Even her Original Petition filed in state court provides no facts suggesting that Norfleet was ever retaliated against by EverBank. In her response to the Defendant's motion to dismiss, she attempts to conflate the bases for her discrimination claims with the factual basis for her retaliation claim. Specifically, she maintains that her placement on probation for attitude problems and for missteps in following work procedures constituted retaliation. But again she fails to establish how these facts show retaliation for engaging in protected activity.

In sum, Norfleet has wholly failed to point to facts that support a retaliation claim let alone an exhausted one. Under these facts, even assuming *Gupta* applies, the Court simply cannot find that Norfleet's retaliation claim could reasonably be expected to grow out of the [TCHR's] investigation of the her sex and age discrimination charges. Her retaliation claim, therefore, must be dismissed as the Court lacks subject-matter jurisdiction over it.

## IV.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is hereby **GRANTED**.

**SO ORDERED.**

**SIGNED February 8, 2012**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE